I'm Bob Wiggins representing the plaintiff putative class. This case involves single job store managers and a single issue which is whether women store managers should be paid the same as men for that job. The quote legally tenable. He said it was legally untenable per se and after Walmart that he did not need to hear evidence. He could rule on rule 12 because no amount of evidence for a gender discrimination claim would ever suffice after Walmart. He also I think greatly exaggerated what Walmart is about. Walmart was simply a disconnect between the claim and the evidence in that one case. They presented regional statistics for local discretion. The court said you can't do that. They presented a Dr. Bilby who testified about a culture of discrimination but Mr. Dr. Bilby admitted he could only couldn't say it applied to more than 1% of the stores. The court said you can't do that and on the anecdotal evidence the court said I think 8% or 12% right in there of the anecdotes were not enough. The key point of Walmart though is evidence is needed. The district court said no evidence is not needed. We'll rule on this on rule 12. He did not have a single deposition, did not have a single expert report. It's not quite that simple because the federal rules encouraged district courts to decide class certification at the early earliest practicable time. Talking about the discovery here but the district court did make a finding that quote plaintiffs have had adequate time to conduct discovery and they have indeed conducted significant discovery in this and other similar cases against defendant and other jurisdictions. I mean you've sued them in numerous places. It's not as if this class action just emerged sort of sui sponte. It was litigated extensively in Alabama before it was even removed to the Western District of North Carolina. Well even if that were true Judge that evidence wasn't in front of the court. Isn't Walmart a real problem for you because the Supreme Court there makes the point that nationwide class actions are really unwieldy instruments and that it's a big, big weight and albatross to dump on a district court's shoulders. I mean Walmart's a really tough case for me. I mean it seems to me the difficulty you face is that we're getting at the court of appeals level we get squeezed from two different directions. One we have the standard of review below which is abuse of discretion and all the cases emphasize the breadth of the district court's discretion in terms of class actions because the district court's going to have to be the one that's going to manage this case and it's no simple undertaking and then not only do we have a standard of review staring at us from below but we have a Walmart case glaring down at us from above and between the standard of review and the Walmart precedent some cases squeeze a court of appeals pretty hard. Other cases not so much but a case like this you got a Supreme Court precedent and a tough standard of review that's where the freedom of action of intermediate level in the system is fairly limited. You don't have that squeeze on a rule 12 in my opinion. The standard is not abuse of discretion. If you had entered findings on a rule 12 no you don't have discretion to rule on the adequacy of a pleading. It's either is either pass the test or it doesn't. There's no discretion to say well I don't think I'll take this case. That comes at the evidence stage. The abuse of discretion comes and then the clearly erroneous rule comes at the discretionary stage after you've heard the evidence after you've entered the findings of fact and that's the key ruling in Walmart and the Supreme Court twice this year has revisited the issue. An Amgen case in March I'm sorry in March the court stressed the evidence the need for rigorous analysis of the evidence. There's nothing to suggest that you can do this on a rule 12 motion. There's nothing to suggest that women can not can no longer even plead a case under any circumstances. Don't we have a big difference though Mr. Wiggins between your complaint and your amended complaint? I mean a very big difference in terms of the substantive allegations. No I do not believe so. The original this this appeal travels on the original complaint. This appeal and that original complaint says this is a centralized pay system and that's what the Supreme Court said is certifiable. Right but didn't you tell the district court that your case was just like Walmart? We said that at the time of Walmart in the district court decision back in 2008 we said we're just like the Walmart district court. We never said we were like the Supreme Court Walmart which said which was diametrically opposite. The lower court said this is a centralized system the Supreme Court says no it's a decentralized system. But weren't you pleading my problem with the case and and if you could address it seems to me that your argument is arguably what it needed to do under Walmart to allege centralized decision-making centralized controls that your original complaint was very general and really wasn't specific in any respect as to the actual actions taken and their effects. For example your amended complaint is very clear that there are external hires versus internal hires. The external hires are disproportionately men the internal hires are disproportionately women. You were quite specific and I don't see that in your amended complaint. We did not know that at the time the original complaint was in but we did in opposing the the rule 12 motion we did bring we said if you'll let us present the evidence this is what we'll show you and we made the point you just made and others and we said even even if you don't grant the amended complaint we are telling you what we think the evidence now is showing us after three years and let me see I mean it's almost a case for judicial estoppel isn't it because you say it's in in your original complaint you say that the Walmart case involved virtually identical claims of sex discrimination in pay to those brought in this case and so you were willing to ride with Walmart when the Ninth Circuit was going your way and then you reversed feel completely and and the same thing happened with respect to the whole question of centralization versus subjectivity your initial approach said I'm quoting from joint appendix 53 defendants pay decision and our system includes subjectivity and gender stereotyping and then you you talk about we know of no other criteria other than the gender bias subjectivity and then when the Supreme Court decision comes down and says that the single flaw in the Walmart case is is the the problem of when Walmart identifies this very subjectivity in the very discretion as the whole reason that defeats class-action treatment because the truth of falsity of a claim can't be determined in a single stroke then you switch ground completely you switch ground as to subjectivity you switch ground as to as to Walmart it's like you you know independent of the facts you're just gonna do what suits at the particular time and and it really it's almost a case of judicial estoppel well that's just not what the point says your honor the complaint says it includes subjectivity it does not say it's decentralized subjectivity it never even hinted at that we have always said that there is centralized subject subjectivity and that was one element and it's just it's a small element because what happens is the executive vice president at the corporate department can grant exceptions to the otherwise fairly lockstep pay system now we have to acknowledge in the complaint that yes at at some point some degree of subjectivity comes in but it's at the corporate level you won't find a word in the original complaint men to complain our briefs anywhere that subject that supports what you're saying no normally subjectivity is always alleged as an individual matter I've never known subjectivity in these kind of cases as being corporate subjectivity but exceptions back to the main point the Walmart is concerned about the unwieldy nature of a nationwide class action when there's a great deal of variation and diversity of practice within the different units and among the different managers and here you have a corporate structure with 95 different regions the vice president heads that region and then you have a lot of districts and each district has 10 to 30 retail stores and in each one of these regions and districts and store levels you have different layers of management and they're making different kinds of decisions and the whole point of a class action is is supposed to be a large degree of commonality to it and they're frankly seems to me to fail on both counts because I don't understand how in the world you'll manage something this vast with this many different managers with this many different units and in addition what commonality they would there would be I mean all managers are not the same they're going to be some that have very progressive instincts and others that don't but then can't be just thrown into one box judge if the evidence eventually says that then that might become the case but we don't think the evidence will and we ought to have the chance to present the evidence you ought to have to make findings that's what Walmart says you can't just assume every gender case is a Walmart case we say that this case involves centralized criteria such as judge Keenan laid out and others and that that we can show that that centralized criteria is what's causing the disparity not the localized or anything localized that's our complaint from day one if you read our original complaint it says that we are attacking a centralized system it says nothing but that and and the idea that you can only have subjectivity at the local level is just wrong but mr. Wayne says this really come down to your amended complaint and whether you should have been allowed to amend your complaint because you found out all these different specifics during your discovery yes that that that is that is a bit really the issue here well they're both they're intertwined identify the specific issues in your original complaint that you identified in your amended complaint you just argued concepts correct and that's because the system changed judge Wilkson said about the earlier discovery which was in the early 2000s that's true but the system changed by the time we filed this case this is not the same system that was a decentralized subjective system the company decided not to do that probably because of the Walmart decision in California because they're both in the retail industry they somewhat compete with one another okay so when you know by the time we come up to this case six years later we have a different system and we gradually learned about it we weren't allowed to present the evidence of how it was different and that's what I argument for abuse of discussion then you're saying it was a different case by the time you were ready to plead an amended complaint it's a yes it's we're not arguing an abuse of discretion in the sense of if he had ruled on the evidence we're arguing that he had to hear the evidence allowing your it grows from the same air the air is that Walmart makes it per se untenable to bring a gender claim that's the air on this on the amendment that's the air on the on the rule 12 and that's the air why we didn't get any evidence in this case and why you have no fact-finding and why all those facts that judge Wilson just went through are not in the record not one thing that you went through judge is in anywhere but they're a brief so that that's the problem and I the problem is that you've got a finding on the part of a district court it says you've had ample opportunity for discovery I'm that's just not true hold on you mean it's a clearly erroneous finding the district court found quote plaintiffs have had ample adequate time to conduct discovery and they have indeed conducted significant discovery and this and other similar cases against defendants and other jurisdictions now that's just not true there's not we didn't have any discovery at all except we hadn't not one deposition we had not one expert report it's not a finding it's not a judge on the case he did not understand the previous judges rulings apparently but if there it's a matter of record that we did not get discovery they kept us tangled up procedurally for two years three years where we never got to the point of doing discovery the the information we got was informal through mediation and that's how we began to piece this together through an informal process they there's no evidence in this record and there was a case that was just jumping back and forth in front of him on the one hand it says it's similar to Walmart and then on the other it says no it's really different on it and on the one hand it identifies this as the central flaw in the family dollars operation the identical problem that was found by the Ninth Circuit to be the floor in Walmart and then it then once the Supreme Court does in in rules as it does in Walmart you do a 180 no the judge the judge honestly that the Supreme Court did a 180 on the Ninth Circuit the Ninth Circuit said it was entitled to do that I know but but I was comparing myself to the Ninth Circuit central said it was a centralized system the the Supreme Court does a 180 and you're saying I'm stuck with that too I didn't even know it at the time what you what you said before Walmart the Supreme Court decision in Walmart and what you said after work were two entirely different things yes because I said it was centralized when the Ninth Circuit said it was and then when the Supreme Court says it's decentralized I said well that's not me that's not my case and I couldn't do anything but but here's the point let's let the evidence speak thank you it please the court I'm John Wester of Robinson Bradshaw and Henson of Charlotte Council for Family Dollar with me is my colleague Gerald Matlin of Safer Shaw of Chicago it is exactly right that the Walmart decision changed fundamentally the landscape of class actions that's well described in the colloquy just now with counsel but it did not bar categorically all national class precisely not it was my next sentence the phrase used several times by my distinguished opponent concerning per se those phrases I do not stand properly beside a correct analysis of Walmart to the contrary and this was also omitted the motion that Family Dollar made was to strike the class action allegations only it is not a regular 12 motion it was highly particularized I have it with me it's a easy to find it joint appendix 267 and 268 I will read one sentence to the court pursuant to federal rules of civil procedure 12 C 12 F 23 D 1 D which is well known to the court as removing those who don't who should not be in the class and the Supreme Court's opinion in Walmart vs. Dukes to Family Dollar hereby moves to strike plaintiff's class allegations indeed at the end of the district court's opinion the district court makes very clear that all of the individual claims and their 49 remaining two had been dismissed 49 of the 51 go forward in fact a subsequent order said get a move on these cases have got to go complete with the rights to attorney's fees if the women prove the ladies working in the stores prove they are the victims of discrimination now that's what happens and that's the context of what happens here shouldn't they have been allowed to amend their complaint I mean the amended complaint is manifestly substantively different from the original complaint I just totally disagree with mr. Wiggins on that but when you look at the amended complaint they're quite specific on what's going on at the corporate level at the divisional level and it's very different from Walmart so why shouldn't they have been allowed to do that there are two reasons your honor that come to mind now one is and the most convincing to me is yes they are different and I agree they are significantly different but they would not take them past the bar that the allegations encourage your attention to supplemental appendix 1293 and the paragraph is 36 this is one illustration there others but this is one it says here that the pay raises are restricted by a corporate impose raise pool and there's a raise percentage and then here's the sentence exceptions above the corporate impose pay raise percentage are decided by regional managers I believe they mean district managers but nonetheless and divisional vice presidents right but it also says the corporate headquarters established the factors that are evaluated and the weights to be afforded to each factor the compensation system is structured to pay and goes on yes so what they're is that the corporate policies just like in the Merrill Lynch case in the Seventh Circuit the corporate policies are directed at the national level and are implemented by direction from the national corporate headquarters that's right I agree with that and I also know that I trust you would agree that it's done by people none of those policies that are did and as specific as they are they are not dictated as a matter of this is the number they are not self executing and each time are you saying I don't mean to cut you off mr. Wester but no are you saying then that in order to survive Walmart that a an allegation in a situation like this everything has to be done in the same building where the CEO has his office or her office it's not that extreme your honor it's this like it let me let me say how I can do it it would be and the Supreme Court says this in Walmart quite unbelievable that everything would come to one number without some common direction and what is not in this complaint amended complaint is the specific unified common direction that gets rid of the discretion it refers to ranges well they say set store manager salary ranges exactly are determined annually by corporate headquarters they do not vary by store or district that's correct actions are made only by the corporate vice president at corporate headquarters that's correct yes ma'am it is and it allows for if you just take the vice presidents it allows for actions by inside those ranges so you would not have your honor any common answer any if inside the range I got a number and I was a lady that was lower than a male for who with whom I thought I was doing compared to whom I thought I was doing the same work there's a statistically significant disparity they're saying men were granted exceptions by corporate headquarters at a rate statistically significantly greater than women that's right well we learned from Walmart that that can be a signal along the way to show proof but what we also learn from Walmart indeed on the statistical question that that alone does not answer the question it does not give us the common mode of exercising discretion this even this amended complaint does not give us the answer does not show us the common mode of exercising discretion and that's what Wal-Mart says is that the amended complaint is different but I emphasize it is not different in the direction of rescuing this complaint from the place it was headed and that is dismissal I do mention I mean the basic Walmart model is in effect in companies across the country and it was in in effect in the Walmart case itself and what you have in Walmart and what you have here are these basic is this basic template because it's one company because its name is Walmart or Family Dollar or McDonald's or whatever you have because it's one company and there's one corporate headquarters as there was in Walmart of course there's going to be some centralized direction if it if there weren't some centralized direction there wouldn't be one company but at the but there's not a company in this country that doesn't allow significant discretion at the middle management level that the vice presidents and the regional managers and the store managers exercise discretion all along the way they get merit pay increases they grant waivers some of them decide you know bonuses and it's it's it's an interplay and it's a back-and-forth to be sure but the Walmart model is is what you have here the vice presidents and the regional managers aren't just robots they're people that have jobs that work that has some responsibility and some of them exercise that responsibility in a progressive and beneficial manner and others are making other kinds of decisions but Walmart says that you know if you have subjectivity and some discretion at this middle management level then you just can't try to resolve this with one sweeping ruling or or one stroke because you're you're taking decisions that may be highly beneficial to the plaintiffs in in one region and lumping them in with decisions that may be detrimental to the plaintiffs in another reason it doesn't mean you can't get at the problem it just that you can't use this kind of blunderbuss and the corporate organization in Walmart and the corporate organization here aren't are not only similar they're typical typical and and to load on the district court all this disparateness and we haven't even gotten to the remedial problems but all this discipline all this disparateness with respect to just different kinds of decisions being made and questions about liability and who hires out of house and who hires in house well they're going to be some managers that hire in-house they're going to be some managers that have equal pay some managers may not I don't I don't know it's a disparate problem and yeah and you know they're they're going to be some managers that hire out of house and but that may not be a discriminatory reason it may be because sometimes you have to offer people a company because they have to switch jobs and they have to move and sometimes they have to change cities and sometimes they have to change companies but it it it's not one Leviathan you moving in lockstep no corporation does that's precisely our view your honor and I note that for all of the efforts made in cases like this that have the national model of a company going on not one of them that can be a class action can be one unless there is automatic execution self execution of the policy you can have that to the contrary your honor I think I look at it this way only only you could be interrupted not well but I I defer to your question you know it's really intriguing me because what I keep what keeps coming back into my mind again and again is are you saying really that these cases are dead because the Walmart you say no but tell me what is a common mode of discretion I wrote that down because that's what you said I did say that if there was evidence of a common mode of exercising discretion yes ma'am I did say that would be sufficient give us an example it's not original with me it's from the Supreme Court's opinion in the Walmart case but I can I can think of those I think it would be in if I may say I think it would be in the significantly smaller company you could have such a thing but I mean significantly smaller because I can't think of many policies that are self-executing I think the continued vitality of the disparate impact model is going to be following Walmart the case in which there is the test or the other ingredient like a test like we had in Griggs versus Duke power that kind of case also and the Supreme Court tells us yet again in the Walmart case there are two ways to fill the significant gap and that's what they called it in in general telephone versus Falcone they were talking about discretion and and common exercise of discretion yes but what we have here in this amended complaint not in the original complaint but in the amended complaint there their discretion is is is not here I mean we may see that and I respect we just may see that differently I don't think it may be camouflaged your honor but I don't think you can miss it and here is the concern maybe the evidence won't bear it out is what I'm saying ultimately well but why why shouldn't they get a chance to show that store manager salary ranges do not vary by store district exceptions can be only be made by the corporate vice president or at corporate headquarters why shouldn't they be allowed to show that men are brought in from outside positions at higher salaries than the women who are disproportionately promoted from within right that that's not what Walmart was talking about in exercise of discretion these are corporate hires at the corporate level aren't they know your honor and here's why managers are hired they are certainly hired at the corporate level but here's here's what happens this is I think a fine illustration of the rule that we've learned that exceptions can swallow everything else the regional managers and there there is as many as judge as judge Wilkinson was referring to that comes from the opinion by judge Niemeyer in the grace decision we know their scores of regional match in in this company in addition to the district managers where these decisions are being made and you cannot plead yourself away from the common sense of that and they've not done it here the common sense of it is this the common sense of it is it was well summarized just now by judge Wilkinson no matter how you do it there are not self-executing policy mr. Wester I don't know how many regional managers there are we do know from the opinion just happens to be that another another panel of this court how do I know at the time that these at the time this was pleaded that that was the case you're saying I can take judicial notice of another opinion I can when it concerns the same employer and it's this very same company that there is no indication and indeed this litigant here these litigants here said in their def in their argument to the district court wall family dollar is one company it is not a chameleon and and they said that in 2011 running away from their representations there's no question about it but why don't they have a right to well there there there there are two reasons that matter to me a great deal one is it ought to count for something that their words and their consistent representations about our client the op the opponent and how they describe the company ought to count this court's opinion describing the company which they have not challenged ought to count my other reason it is legalistic to be sure but I have not said it and I want to is the amended complaint is not is not something they appealed it does not reach this court this court granted the 23 F petition but that's not here that has to be part of the decision well because it could never be subject to review the denial of an amended complaint well if the court's decision denying it was not considered now it would never be considered isn't that correct well I don't know how it be considered and actually and so I would say but it was considered below and it was considered below for the reasons I am in this context saying this it's it's a reviewable for an abuse of discretion and it was within the district court's discretion below and I submit properly exercised because he found fundamentally that it was going nowhere for the reasons you for the reasons judge Wilkinson has just outlined I'm not sure I agree with you on that point but what I what I do what troubled me most among other things about the case are the fact that I think this it's not well what suits are dead after Walmart or whatever but I think these litigants have played fast and loose with the court and that what happened was that their previous representations to the court were that this case was just like Walmart and that was in their legal filings and their previous representation to the court was that the flaw in this corporate model was the same as the flaw in the Walmart corporate model which was that it allowed too much discretion too much discretion too much subjectivity and as he says we were talking about corporate subjectivity no the whole issue was this subjectivity at the middle management level and the the question is here is not it's not a global question but it's a question of whether you can have an amended complaint that's even to the point of making diametrically opposed and diametrically different representations and the and the and the question is if a district judge says your amended complaint is backtracking on all the representations you have made previously to the courts into this courts is it an abuse of discretion? Take that into account and as one factor now we can get into the whole question about whether the amended complaint is adequate and I think for a lot of you've made some good reasons as to why even the amended complaint still doesn't address the significant discretion with respect to personnel decisions it's allotted to middle level management but what I'm suggesting to you is if there's a threshold question here and that is whether the whole case has done a 180. That has to count I said to myself when I was reading it it's not just one time but three times in this record the count the plaintiffs have taken refuge in the Walmart case in the district court and in the Ninth Circuit three times it may be that every form of refuge doesn't have its price but three times ought to count and that's what they did. I agree that that would be troubling if we consider that in isolation nobody should be able to play fast and loose with the court but aren't they saying something different here they're saying that because of the class certification discovery that took place in this case that the level of specificity of actions at the corporate level were learned by the plaintiffs during the course of the class certification litigation and that that gave them a basis for amending their complaint. Now you don't you might not believe them but aren't they saying that and wasn't their class certification discovery that did reveal some of this? There's extensive class certification discovery in this case a point a final point that I wanted to make because I think that did not come through and in the supplemental appendix 1258 and 59 and 1264 and 65 you can see the vastness of all that but here's where it's important for me to to be clear about it. It did not take them to surviving the Walmart statements the Walmart opinion and here's why it doesn't it doesn't take them there it doesn't get them around it even if the court were to allow this which I heartily agree is is it just ought not to be doable in these circumstances it shouldn't be doable this is a different thing from an amendment it's it's in the nature of a of a mini revolution about their theory but it the important thing to me is what they claim they've learned they have known for years they've known it for years because the company under review here wasn't changing it's not a chameleon and they've known all these things about how the company sets its pay for years the lawsuits 15 of them against this company weren't for whether there were timely deliveries of family dollar goods they were about the pay of the company and how the pay decisions are made that's what they knew and they knew in the course of learning all of that they learned deeper and deeper about how the company makes its decisions for pay and those are made in a disparate manner just as Judge Wilkinson has pointed out and just as our brief emphasizes and that disparate decision-making is what makes this case of a piece with Walmart I'm in the penalty period I'm pleased to answer further questions I didn't get a chance to ask a question though be patient my colleague let me just ask you this are you saying that the national company did not make the policy of the range for laterals to be higher than those afforded within that you are you certain that that was not a national policy to make the ranges for I am NOT saying that the national company makes declarations on a on a long list of things including pay and including establishing the ranges your honor exactly exactly so it was ranges establish the range and that range is higher for people who are laterally bought in than it is for people who are promoted from within correct I think that's how it operates some of the time it is not a matter of national policy as I understand the range is the range we're not talking about the decision what you give within the range the range is decided nationally was on the corporate policy yes sir but the entry which yes sir the range of society but the entry into the ranges is not decided nationally whether you fall within the ranges depending on whether you when you come in that's a matter of of a lot of factors that that we are not it would take a while to explain but whether you fit into a range and whether you can fit into it because you're an outside higher or lateral higher it would be highly significant and I know this really is important I know that there is no allegation that the structure those ranges that the structure of that or lateral entry is a subject of any discrimination not one allegation even the in the amended complaint attacks those I'll call it the range system or entry into where you would fall none of that is a subject of a claim in this case wouldn't all company just by virtue of being a company with a single corporate name and a single corporate trademark have some general range I mean the way which top management and and and middle management interface is the top execution of the range and waivers and exceptions and implementations are are taken at a much more localized level I don't know how else it can be done I don't know how a national company can operate without a significant number of national policies including ranges for pay that is the beginning of the story of each one of these cases and we can have we can have discrimination all fact of which I think is an immutable unavoidable element in a national company of having a variety of national policies and the the discrimination that can arise arises because of individuals throughout the system deciding that they're going to live that way discrimination even locally because you could say I have most promoted managers who are equally if not better than those laterals but by national policy I cannot pay you at the highest the highest level as the lateral comes in is that would that be correct well example the range for internal let's say is a 50,000 to 75,000 the range for laterals is 60,000 to 100,000 well then if that's set by national policy then when you locally see a manager who's really better than one laterally he or she couldn't pay that person the same amount of time is that correct you could yes or you could have you called it discrimination you could have decisions that can't be explained in terms of logic but there is no suggestion from that just as Walmart tells us that the valid exercise of discretion in those decision breeds any discrimination some may and some may not set ranges you set the framework for discrimination when you make ranges different when you know a category is is statistically loaded with females another one is statistically loaded with males that's like saying I'm gonna pay all people who have some athletic background whatever more money than people who don't and we find that statistically men tend to fit in that category you said well I didn't discriminate based on how you got in there but that's what they said disparate impact because women have not been having the opportunities to be able to have longer ranges being positioned to be laterally brought in that's their claim that's at the national level that's what they're claiming well they they that's what they did claim in Walmart you're quite right but they're it was just total subjectivity not arranged at cabin here they're saying no matter what they do locally you have cabin yeah for example you kept the salary cap increases don't you for internal promoted well there are ranges and there's a ceiling to the ranges yes sir and a floor to the ranges not the same for laterals though but and not the same for laterals that's right but discriminatory about their allegations well well right no sir it's a difference disagreement that's what trials are for your honor the reason we we may have a difference there is I acknowledge and we say that our trials are for but but trials must go through the process that we're going here there was a significant after almost three years of discovery and proceedings this court asked it links the counsel for the plaintiffs how would you get there and sticking to the joint appendix page 53 it's purely a matter of subjectivity and gender stereotyping as the sole reason for any discrimination it was not the rest of what you and I are discussing now and that's what the court ruled upon and in striking the class allegations you and I I believe in another case or in the case involving some amendment somewhere would have a good discussion about whether are the foundation for some discrimination there's a potential there yes sir but notably it does not exist in this case because and I do repeat there is not an allegation even in the amended complaint that the creation of the ranges walled out females because of the kinds of things you and I have been discussing that's not even in here and the reason it's not in here is it's not on the outside whom found a dollar wants to hire and they put them in accordingly and yes there can be discrimination but that is what is mandated to be an individualized decision and if it if it is not if it became a class action subject again it would overrule wal-mart the ranges that issue in wal-mart what were the ranges in place at wal-mart I don't know the numbers your honor I don't know I don't know happy to take more questions this is a fine discussion the issue here is our original pleading that it was a centralized system our amended pleading is a centralized system and it's it's a one-stroke issue if if you have ranges that's true but you have dual ranges one that is predominantly women one that's predominantly men and that is at the corporate level with the system being too individualized that it left too much room for middle managers to exercise their discretion subjectively sir that's not in my complaint it says centralized pay setting system in the original complaint I don't know how you can interpret that word out of the complaint it's just there well it's hard for me to read the original complaint and the amended complaint as being anything other than diametrically opposed documents well I've said why I disagree with that but but I also learned as a young lawyer you can plead things in the alternative many times lawyers at an early pleading stage they can't really pinpoint these things down and so they have to go both directions I don't think we did we said from the beginning it's a centralized system and we continue to say it's a centralized system and you can't read that word out of our complaint but even if you could we are supposed to go with the facts we're not supposed to impose all these concepts on top the facts of course that's true but the the difficulty here is that this isn't the first time we've seen this case it's you're saying well we don't know we how could we be expected to know but your opposing counsel said they've been three years of discovery that's not true well they've been suits all across the country the Collins litigation the Collins litigation and the District of Alabama involved extensive discovery of this very company the litigation here has involved in the discovery the district court made a finding that there has that there's been I don't know how we look behind that when it says the plaintiffs have had adequate time to conduct discovery and they have indeed conducted significant discovery in this and other similar cases against defendant and other jurisdiction and then I think the court quoted something about saying a statement that you'd made saying that or counsel representing the hardest part of discovery had been complete they had given us documents right before the argument they had given us documents I'm sorry electronic data that's how we found out that women are making $2,500 less than men in the same job they did give us data they didn't give us anything else they didn't give us their policies and we did not depose a single witness we begged her to pose just the decision maker on this policy we didn't get to do that the judge said he had an expert report in front of him he didn't there's never been one because they had given us that data that's what they fight us on all the time first is don't get the data so you don't have the statistic therefore you can't tell what's causing the disparity was the court entitled to take into account your representation that the hardest part of discovery had been complete and was it discovery if this certainly if this had been a if this had been a lawsuit that just emerged from the fog or that was just newly minted that would be one thing but it isn't newly minted there's no reason not to charge you with the representations made earlier and it bothers me that after the Walmart case oh something's different required we're going to seek their men they're going to complain do something completely different from what we've done before and we're going to rule that a district court has abused his discretion judge in declining to allow that what's what's that going to permit at the trial level if you're going to charge me with saying that the hardest part of discovery is over you should give me the end of the sentence which said but we still need to take at least five depositions we haven't taken one that's that was the whole sentence you're quoting just half the sentence and we did not we haven't got you won't be able to find in the record any decision maker that will explain these things to you you've got lawyer talk up here about something that no person at the company has ever described and that's what Walmart says no that it's not a pleading standard it's an evidence standard wall in Walmart and so that and I just beg to differ that you can ignore the word centralized pay setting in the in the original complaint and everything throughout the case I also think if you go back and look at the timing of the discovery you'll see discover was closed formally closed for the first three years it opened in July 2010 closed again in August open briefly that fall closed again in January and that was it but it still doesn't answer my point that the same corporation in the complaint and the amended complaint is discussed in diametrically different ways it's just not it is the first the first complaint identifies the central flaw as subjectivity the Supreme Court says no subjectivity is a bar to class action treatment and then we get a different complaint which describes the same company but it's a diet the name is the same but the company operations are described in different fashions they are these are different documents and how can a district court be accused of abusing its discretion in taking that plus the amount of discovery that concededly has been conducted because you'd take a half-truth if that you were to take that as the complaint the complaint doesn't say that the complaint says there and this particularly the amended complaint adds on to what we meant by centralized once we began to figure out what's causing this the amended complaint explains you have a dual corporate imposed pay structure a corporate imposed ranges in which the one in which the women predominantly come up through is lower it has a 10% cap it's a corporate cap there's no discretion there's no subjectivity is 10% it's a number it's in the amended complaint it's in our it's in our brief against dismissing this case to we described all this in our to the judge saying this is what we've learned even if you ignore our men to complain this is what we've learned and that's why 10% cap is not discretionary it's just a flat number and it's imposed by the corporate and and it works with the dual structure over in the women they've got a 10% cap over in the men they don't have a 10% cap and the 10% is what I'm talking about is 10% of their existing salary when you take prior salary and you and you impose that as a criteria you're perpetuating the past you're freezing the status quo in exactly the way the Supreme Court said don't do it in the Griggs I don't know how I don't know how that policy cuts because it could cut in different ways in different jurisdictions and in some in some instances an in-house hire would be of a male and in some instances it might be of a female and in some instances an outside hire would be of a woman and in some instances an outside hire would be of a man but the point is they're you know they're they're still room for discretionary implementation as you yourself earlier underscored that's not true judging a disparity impact case the impact looks at the criteria it doesn't look at the discretion in imposing the criteria looks at that the criteria on its face and does it strike harder against women than it does men if the answer is yes you've decided the case in one stroke for the women if you say no you've destroyed it you've decided the case in one stroke for the company now if you if you pass that point that there is impact disparate impact on the women then you go to the next question is it justified by business necessity that's a one-stroke decision it's either necessary for everybody or is necessary for no one statistical disparity doesn't mean that every manager or regional district manager promotes in-house or it doesn't mean that it doesn't or fails to accord equal pay or what have you the statistical disparity doesn't the Supreme Court in Walmart makes the case that statistical disparity doesn't get to individual determinations the Supreme Court said in a pattern of practice case which is a disparate treatment case but even there you don't get to the question of individual facts until stage two the Supreme Court said in Teamsters and said again in Walmart that for title seven cases at stage one you look at the broad pattern you do not look you're prohibited from looking at individual facts and at that stage once you decide in one stroke is there a pattern we've been over this I think you have speaking for myself only I think there's a difference here between what was originally submitted what was submitted after Walmart but we can agree to disagree on that point yes yes thank you we'll come down in Greek Council and move into our final case
judges: J. Harvie Wilkinson III, Roger L. Gregory, Barbara Milano Keenan